IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSSEE

| | |
|---|---|
| DARTANION A. MCGEE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOOD WARMING EQUIPMENT, INC., )<br>BRIAN GATES, JOE PILKINGTON, )<br>DEREK CODDINGTON, and PHILLIP )<br>OHLSON )<br>)<br>Defendants. | Docket No: 3:14-CV-01776<br><br>Judge Haynes |

## DEFENDANTS' ANSWER

Come now the Defendants, Food Warming Equipment, Inc. ("FWE"), Brian Gates ("Gates"), Joe Pilkington ("Pilkington"), and Phillip Ohlson ("Ohlson"), (collectively, "Defendants"), by and through counsel, and submit their response to the Complaint filed by Plaintiff Dartanion A. McGee ("Plaintiff" or "McGee").

### THE PARTIES

1. The Defendants lack knowledge or information sufficient to allow them to form a belief as to the truth of whether Plaintiff is a resident of Nashville, Davidson County, Tennessee. The Defendants admit that Plaintiff began his employment with FWE on August 20, 2012, but deny that his employment ended on February 28, 2014. Defendants aver that Plaintiff resigned on March 4, 2014.

2. Admitted.

3. The Defendants deny that FWE's Portland facility is in Sumner County, Tennessee, and aver that the facility is located in Robertson County, Tennessee. The Defendants admit the remainder of the facts set forth in this paragraph.

4. Admitted. The Defendants aver that they have been served with process.

5. The Defendants deny that FWE's Portland facility is in Sumner County, Tennessee, and aver that the facility is located in Robertson County, Tennessee. The Defendants admit the remainder of those facts set forth in this paragraph.

6. Admitted.

7. The Defendants deny that FWE's Portland facility is in Sumner County, Tennessee, and aver that the facility is located in Robertson County, Tennessee. The Defendants admit the remainder of the facts set forth in this paragraph.

8. The Defendants deny that Pilkington was a manager or supervisor at FWE with supervisory authority over Plaintiff from August 20, 2012 to October 14, 2012. Defendants aver that Pilkington was Plaintiff's direct manager and/or supervisor from October 15, 2012 to October 27, 2013. Defendants further aver that Pilkington ceased being Plaintiff's direct manager and/or supervisor on October 27, 2013, but continued having certain supervisory duties over Plaintiff's department after that date.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied. Defendants aver that Ohlsen only temporarily supervised Plaintiff from August 20, 2012 to October 14, 2012, and aver further that Ohlsen did not have supervisory authority over Plaintiff after October 14, 2014.

## JURISDICTION AND VENUE

13. Defendants admit that Plaintiff purports to bring this case under Title VII of the Civil Rights Act of 1964 and 28 U.S.C. § 1981, but deny that there is any merit whatsoever to Plaintiff's claims and allegations. The Defendants additionally admit that jurisdiction is proper in this Court. The Defendants deny the remainder of those facts and allegations set forth in this paragraph. The Defendants aver that Plaintiff resigned his employment with FWE on March 4, 2014.

14. Defendants deny that they transact business in Sumner County, Tennessee, and aver that they transact business in Portland, Robertson County, Tennessee. Defendants admit the remainder of those facts and allegations set forth in this paragraph.

15. Defendants deny that its Portland facility is located in Sumner County, Tennessee, and avers that the Portland facility is located in Robertson County, Tennessee. Defendants admit that venue is proper but deny that there is any merit whatsoever to Plaintiff's claims and allegations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Admitted. The Defendants deny that there is any merit whatsoever to those allegations set forth in Plaintiff's EEOC Charge.

17. The Defendants lack knowledge or information sufficient to allow them to form a belief concerning the truth of those facts and allegations set forth in this paragraph.

18. Admitted.

19. The Defendants admit that Plaintiff filed this action within 90 days of the issuance of the Dismissal and Notice of Rights issued by the EEOC regarding Plaintiff's Charge of

Discrimination. The Defendants lack knowledge or information sufficient to allow them to form a belief concerning the truth of the remaining facts and allegations set forth in this paragraph.

## DAMAGES

20. The Defendants deny that they have engaged in any wrongful actions directed at Plaintiff, and accordingly deny that they have caused any damage to him.

## FACTUAL BACKGROUND

21. The Defendants admit that Plaintiff commenced work with FWE on August 20, 2012 and that he resigned his employment there on March 4, 2014. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

22. The Defendants admit that Plaintiff was hired as an Assembler at FWE's Portland, Tennessee facility. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

23. The Defendants admit that Plaintiff claimed that he possessed "multiple certifications for training, including two certificates in the electrical field." The Defendants aver that Plaintiff was unable upon request by management of FWE to produce certificates reflecting such certifications.

24. Denied.

25. The Defendants admit that from time to time Plaintiff was given compliments by co-workers and supervisors at FWE. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

26. Denied.

27. Denied.

28.     The Defendants admit that Plaintiff was one of FWE's top assemblers for PHTT tops. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

29.     Denied.

30.     Denied.

**A.    Defendant FWE's Failure To Promote Plaintiff McGee.**

31.     Denied.

32.     Defendants admit that Pilkington received a promotion in October 2013 that left his supervisor position open. Defendants deny that they have engaged in any wrongful action in relation to Pilkington's promotion.

33.     Denied.

34.     Denied.

35.     Denied.

36.     The Defendants admit that Plaintiff and Coddington engaged in a conversation wherein Wells' promotion was discussed. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

37.     The Defendants admit that Coddington told Plaintiff that Coddington did not know that Plaintiff was interested in a management position. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

38.     Denied. The Defendants aver that Plaintiff made it clear, however, that he was interested in making more money.

39.     Denied.

40. The Defendants admit that Dave Vanderlee was additionally promoted by FWE to a position in the Service Department. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

41. The Defendants admit that FWE promoted Wells and Vanderlee, both of whom are white. The Defendants aver that each individual was promoted because of their qualifications. The Defendants deny that any employment decision made at FWE was because of race.

42. The Defendants lack knowledge or information sufficient to allow them to form a belief concerning what Plaintiff is aware of regarding employees at FWE's Portland, Tennessee facility. The Defendants aver that since the opening of FWE's Portland, Tennessee facility that FWE has hired no employee for that facility who has been promoted to a supervisory position, regardless of race.

43. Defendants admit that FWE gave a higher raise to a Dave Vanderlee, who Plaintiff had helped train and who was hired after Plaintiff, and that this raise was based on Vanderlee's superior qualifications. Defendants deny the remaining facts and allegations of the paragraph, and specifically that any raise was awarded because of race.

44. The Defendants deny that any individual employed by FWE at its Portland, Tennessee facility has received a raise because of his or her race.

**B.    The Hostile Work Environment at Defendant FWE**

45. Denied.

46. Denied.

47. Denied.

48. Denied.

6

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied. The Defendants aver that Plaintiff completed a Time Off Request at some point initially specifying the reason for the request as "Racism," but changed the request by scribbling through racism and specifying another reason such as "Doctor's appointment."

60. Denied.

61. Denied.

62. Defendants admit that Ohlson mentioned to Plaintiff that he was considering purchasing a house with "plantation-style" antebellum architecture. Defendants deny the remainder of those facts and allegations set forth in this paragraph.

63. The Defendants admit that Plaintiff and Ohlson engaged in a conversation about a house that Ohlson was considering purchasing, and during that conversation it was discussed whether the house might be haunted. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

64. Denied.

65. Denied.

66. Denied.

C. **Defendant FWE's Retaliation Against Plaintiff McGee for Filing a Charge of Discrimination and Plaintiff McGee's Constructive Discharge**

67. Admitted. The Defendants deny that there is any merit to Plaintiff's claims and allegations.

68. Denied.

69. Denied.

70. The Defendants deny that any issue which Plaintiff experienced with FWE's computerized timekeeping and payroll program system was because of his race. The Defendants admit that Plaintiff claims that he experienced difficulties with accessing FWE's computerized timekeeping and payroll program system.

71. The Defendants admit those facts and allegations set forth in the first grammatical sentence of this paragraph. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

72. The Defendants admit that Gates reminded Plaintiff that all Time Off Requests were supposed to be entered through the ADP Portal not later than the day before the requested time off, and that passwords were reset though FWE's human resources office. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

73. The Defendants admit that Plaintiff requested a copy of FWE's employee handbook.

74. The Defendants admit that Plaintiff was not provided with a copy of FWE's employee handbook as a result of his request. The Defendants deny the remainder of those facts

8

and allegations set forth in this paragraph and specifically deny Plaintiff's intended implication that such action was discriminatory and/or retaliatory.

75. The Defendants admit that Gates advised Plaintiff that "you are the one who chose to get lawyers involved." The Defendants aver that Gates additionally advised Plaintiff that all future communications must go through the lawyers. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

76. The Defendants admit that subsequent to the events specified in paragraph 75 Plaintiff attempted to speak with Gates. The Defendants aver that Gates advised Plaintiff that all future communications must go through the lawyers. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

77. Denied.

78. The Defendants admit that Plaintiff resigned his employment with FWE on March 4, 2014. The Defendants deny the remainder of those facts and allegations set forth in this paragraph.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. The Defendants incorporate by reference their responses to paragraphs 1 through 84.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. The Defendants incorporate by reference their responses to paragraphs 1 through 93.

95. Denied.

96. Denied.

97. Denied.

98. The Defendants incorporate by reference their responses to paragraphs 1 through 97.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. The Defendants incorporate by reference their responses to paragraphs 1 through 103.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. The Defendants incorporate by reference their responses to paragraphs 1 through 114.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. The Defendants incorporate by reference their responses to paragraphs 1 through 126.

128. Admitted.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. The Defendants admit that Gates advised Plaintiff that "you are the one who chose to get lawyers involved." The Defendants aver that Gates additionally advised Plaintiff that all future communications must go through the lawyers.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. The Defendants incorporate by reference their responses to paragraphs 1 through 139.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

12

147. The Defendants incorporate by reference their responses to paragraphs 1 through 146.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. The Defendants incorporate by reference their responses to paragraphs 1 through 153.

155. Denied.

156. Denied.

157. Denied.

II.

All allegations set forth in Plaintiff's Complaint not hereinbefore specifically admitted or specifically denied are here and now generally denied and denied as though individually and specifically denied.

III.

The Defendants affirmatively aver that Plaintiff's employment with FWE would have been terminated shortly after the date on which he resigned based on "after acquired" evidence of misconduct that was discovered while FWE was investigating those claims and allegations set forth in Plaintiff's EEOC Charge.

13

IV.

The Defendants reserve the right to amend their Answer to assert any and all affirmative defenses which their continuing investigation and discovery in this action indicate are appropriate.

Wherefore, premises considered, the Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and assess the costs of this matter, including Defendants' attorneys' fees, against Plaintiff.

Respectfully submitted,

BUTLER SNOW LLP

/s/ Valeria E. Gomez
H. Rowan Leathers III, BPR # 10023
Valeria E. Gomez, BPR # 32131
The Pinnacle at Symphony Place
150 Third Avenue South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6700
Facsimile: (615) 651-6701

*Attorneys for Defendants Food Warming Equipment, Inc., Brian Gates, Joe Pilkington, Derek Coddington, and Phillip Ohlson*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Answer was served upon the following counsel through the Court's ECF System on this 10th day of October, 2014:

>Cynthia A. Sherwood
>Sherwood Boutique Litigation, PLC
>201 Fourth Avenue North, Suite 1130
>Nashville, TN 37219

>/s/ Valeria Gomez_____
>Valeria E. Gomez

ButlerSnow 23018098v1