# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DARTANION A. MCGEE** ) | |
| ) | |
|     **Plaintiff** ) | |
| ) | |
| v. ) | NO. 3-14-cv-01776 |
| ) | JUDGE CRENSHAW |
| **FOOD WARMING EQUIPMENT,** ) | |
| **INC., et al.** ) | |
| ) | |
|     **Defendants** ) | |

## MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. No. 38). For the reasons stated herein, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

### INTRODUCTION

Dartanion A. McGee, a former employee of Food Warming Equipment, Inc. ("FWE"), brought this action against FWE and four of its employees for employment discrimination in violation of 42 U.S.C. §2000e, *et seq.* ("Title VII"); 42 U.S.C. § 1981 ("Section 1981); and Tenn. Code Ann. § 4-21-311, *et seq.* ( "THRA").

Plaintiff alleges that FWE discriminated against Plaintiff because of his race, resulting in a constructive discharge from his employment. Plaintiff also alleges claims against FWE for retaliation and a racially hostile work environment. The Complaint (Doc. No. 1) alleges state law claims against the individual Defendants for aiding and abetting under the THRA and intentional infliction of emotional distress, but Plaintiff has abandoned those claims against the individual

Defendants (Doc. No. 48, p.2). Therefore, all claims against the individual Defendants (Gates, Pilkington, Coddington and Ohlson) are **DISMISSED** with prejudice.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Pennington v. State Farm Mut. Automobile Ins. Co., 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. Id.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. Van Gorder v. Grand Trunk Western Railroad, Inc., 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. Id. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. Rodgers, 344 F.3d at 595.

## RACE DISCRIMINATION

Plaintiff alleges that FWE discriminated against him because of his race[1] by failing to promote him and by failing to grant him raises as frequently and as high as those of Caucasian employees. Plaintiff may establish his race discrimination claims by presenting either direct or circumstantial evidence. Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 433 (6th Cir. 2002).

### Direct Evidence

Direct evidence is evidence that, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. DiCarlo v. Potter, 358 F.3d 408, 415 (6th Cir. 2004) *(overruled on other grounds by* Gross v. FBL Financial Servs., Inc., 557 U.S. 167 (2009)).[2] To survive summary judgment through the assertion of direct evidence, the plaintiff must raise a disputed issue of fact as to whether the employer was predisposed to discriminate on the basis of race and as to whether the employer acted on that predisposition. Fite v. Comtide Nashville, LLC, 686 F.Supp.2d 735, 750-51 (M.D. Tenn. 2010).

Here, Plaintiff contends that his supervisors and managers made offensive, racially-derogatory statements to Plaintiff on a daily basis. For example, Plaintiff asserts that Coddington told Plaintiff that, for Black History Month, he hires African-Americans and then fires them for Christmas. For example, Plaintiff claims that Pilkington repeatedly made offensive race-related statements in the workplace and repeatedly used "the N word" in stories and jokes on a regular basis.

---

[1] Plaintiff's claims raised under the THRA and Section 1981 are analyzed under the same framework as Title VII. Newman v. Federal Express Corp., 266 F.3d 401, 406 (6th Cir. 2001); Martin v. Boeing-Oak Ridge Co., 244 F.Supp.2d 863, 866 (E.D. Tenn. 2002).

[2] In Gross, the Supreme Court held that the DiCarlo definition of "direct evidence" did not apply to cases under the Age Discrimination in Employment Act, where plaintiffs must show that age was the "but-for" cause of the employer's actions. Gross, 557 U.S. at 180.

For example, Plaintiff alleges that Ohlson stated to Plaintiff that "white people are here," with his hand by his head, and "black people are here," with his hand near his groin area. Plaintiff alleges a pattern of many other offensive, racially-derogatory statements by supervisors. *See, e.g.,* Doc. No. 54, ¶¶ 2-10, 13-15, 17-21, 26 and 28-32. This evidence, combined with all the other allegations in the Complaint related to racial animus and insensitivity, is sufficient to raise fact issues as to whether Plaintiff's supervisors were predisposed to discriminate on the basis of race.

The next question, whether Plaintiff's supervisors acted on their predispositions in denying Plaintiff promotions or failing to give him equal raises also involves issues of material fact. For example, Plaintiff claims he repeatedly expressed his interest in advancing at FWE to his supervisors. Defendant FWE denies that claim. Plaintiff argues that Defendant promoted only non-African Americans, including employees Wells, Vanderlee and Demaree, with less seniority and experience than Plaintiff. Defendant denies that any promotion decisions were made because of an employee's race. Plaintiff asserts that he was denied two positions in favor of Wells, a Caucasian, because Defendant did not allow Plaintiff to apply, which Defendant denies. Doc. No. 54, ¶¶ 37, 40 and 41.

Defendant contends that it denied Plaintiff these promotions because he refused to work overtime or on second shift. Plaintiff denies that he was ever unwilling to work overtime, on Saturdays, or on second shift. Doc. No. 54, ¶¶ 46-49. Plaintiff alleges that he did not receive pay raises with the same frequency or in the same amounts as non-African-American co-workers, and Defendant denies that fact. Doc. No. 54, ¶¶ 54-57. Plaintiff argues that the supervisors who made the promotion decisions were the same supervisors who made the offensive jokes, racial slurs and comments. Doc. No. 54, ¶ 53.

Because of these disputed facts as to the direct evidence, the jury will have to listen to the witnesses, determine credibility, and decide whether Plaintiff has presented direct evidence that unlawful racial discrimination was at least a motivating factor in FWE's failures to promote Plaintiff and its decisions concerning Plaintiff's pay raises.

Circumstantial Evidence

Alternatively, Plaintiff may also show disparate treatment based upon race by the familiar McDonald-Douglas framework.[3] To establish a *prima facie* case of racial discrimination, Plaintiff must show that (1) he is member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently than similarly-situated non-protected employees. Evans v. Walgreen Co., 813 F.Supp.2d 897, 918 (W.D. Tenn. 2011).

If Plaintiff establishes a *prima facie* case, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its actions. If it does so, the burden returns to Plaintiff to show that Defendant's reason was a pretext for discrimination. Sybrandt v. Home Depot U.S.A., Inc., 560 F.3d 553, 557-58 (6th Cir. 2009). Throughout this burden-shifting approach, Plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, intentional racial discrimination. Id.

Assuming Plaintiff establishes a *prima facie* case, Defendant argues that Plaintiff cannot show that its reasons for failing to promote him and failing to pay him in the same manner as Caucasian employees were pretext for racial discrimination. Yet there is a well-developed record of racial hostility and animus in this case. Even if there were no direct evidence of racial

---

[3] McDonald-Douglas Corp. v. Green, 411 U.S. 792 (1973).

discrimination, given the above-cited examples of disputed facts as to what happened and why, the Court finds that Plaintiff has shown genuine issues of material fact on the issue of pretext as well.

For these reasons, FWE's Motion for Summary Judgment on the issue of racial discrimination is denied.

## HOSTILE WORK ENVIRONMENT

To establish a *prima facie* case of a racially hostile work environment, Plaintiff must show that (1) he is a member of a protected class; (2) he was subjected to unwelcome racial harassment; (3) the harassment was based upon race; (4) the harassment had the effect of unreasonably interfering with his work performance by creating an intimidating, hostile or offensive work environment; and (5) employer liability. Grice v. Jackson-Madison County General Hospital Authority, 981 F.Supp.2d 719, 735 (W.D. Tenn. 2013).

A work environment is hostile if, from an objective and subjective perspective, the harassment is severe or pervasive enough that an abusive working environment is created. Atkins v. LQ Mgmt, LLC, 138 F.Supp.3d 961, 976 (M.D. Tenn. 2015); Fite, 686 F.Supp.2d at 752. If the hostile work environment is created by a supervisor with authority over the plaintiff, the employer is vicariously liable for the hostile work environment. Id.[4]

In determining whether the alleged harassment is sufficiently severe or pervasive to constitute a hostile work environment, it is well-established that the Court must consider the totality

---

[4] An employer has an affirmative defense to liability for a supervisor's conduct if the employer can show that there was no tangible employment action suffered by the victim and, among other things, it exercised reasonable care in addressing the supervisor's actions. Fite, 686 F.Supp.2d at 752, n. 8; Clark v. United Parcel Serv., Inc., 400 F.3d 341, 348 (6th Cir. 2005). Defendant does not appear to raise this defense. In any event, Plaintiff alleges a tangible employment action (constructive discharge) and there are genuine issues of material fact as to the defense as well, such as what constitutes reasonable care under these circumstances.

of the circumstances. Benefield v. Mstreet Entertainment, LLC, 2016 WL 3568566 at * 8 (M.D. Tenn. July 1, 2016). The issue is not whether each incident of harassment standing alone is sufficient to sustain the cause of action, but whether taken together, the reported incidents make out a hostile work environment. Williams v. General Motors Corp., 187 F.3d 553, 562 (6th Cir. 1999).

Whether alleged harassment is sufficiently severe and pervasive is a question of fact, and summary judgment is appropriate only if the evidence is so one-sided that there is no genuine issue of material fact as to whether there was a hostile work environment. Sotoj v. Nashville Aquarium, Inc., 2016 WL 3568591 at * 5 (M.D. Tenn. July 1, 2016) (citing Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 333 (6th Cir. 2008)).

Plaintiff has raised genuine issues of material fact as to whether he was subjected to a racially-hostile work environment. Defendant's own Memorandum (Doc. No. 41) lists three pages (single-spaced) of Defendants' alleged offensive, intimidating, insulting and hostile actions and comments based on race. As indicated in the examples above, which are accepted as true, there are questions as to the actual facts surrounding these comments, the severity and pervasiveness of them,[5] and as to their effects on Plaintiff's working environment. If proven at trial, this would support Plaintiff's constructive discharge claim.

For these reasons, Defendants' Motion for Summary Judgment on Plaintiff's hostile work environment claim is denied.

---

[5] Given Defendant's list of 26 separate alleged insults and offensive comments, it is indeed curious that Defendant argues that an "isolated offensive utterance" is not evidence of race based discrimination. Doc. No. 41, p. 13.

RETALIATION

The Complaint also alleges that FWE retaliated against him for complaining about racial harassment and for filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). To establish a *prima facie* case of retaliation, Plaintiff must show that (1) he engaged in protected activity; (2) the protected activity was known to Defendant; (3) thereafter, Defendant took an employment action adverse to Plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. Warf v. U.S. Dept. of Veterans Affairs, 713 F.3d 874, 880 (6th Cir. 2013).

As identified in Defendants' Memorandum (Doc. No. 41, p. 14), Plaintiff has alleged six retaliatory actions taken against him after he filed his EEOC charge. For example, Plaintiff contends that, after his EEOC charge, Defendant gave him his first written reprimand ever, locked him out of the ADP timekeeping system, was not responsive to his requests or concerns, and scrutinized him in a very negative manner. Defendant disputes the facts and circumstances of these actions, and there are therefore questions of fact surrounding them. Defendant also contends that these actions do not amount to adverse employment actions.

A plaintiff's burden of establishing a materially adverse employment action is less onerous in the retaliation context than in the anti-discrimination context. Laster v. City of Kalamazoo, 746 F.3d 714, 731 (6th Cir. 2014). A materially adverse employment action in the retaliation context consists of any action that well might have dissuaded a reasonable worker from making a charge of discrimination. Id.; *see also* Lee v. Cleveland Clinic Foundation, 2017 WL 244785 at * 8 (6th Cir. Jan. 20, 2017). A reasonable jury could find that a reasonable employee in Plaintiff's circumstances would find these actions to be materially adverse. Moreover, Plaintiff alleges that the retaliatory

8

harassment resulted in his constructive discharge, which is undisputedly an adverse employment action.

Viewing these alleged retaliatory actions in the light most favorable to Plaintiff and under the lesser standard of <u>Laster</u>, the Court finds that Plaintiff has shown genuine issues of material fact, including what would dissuade a reasonable worker from making a charge of discrimination or remaining in the employ of FWE, sufficient to survive summary judgment on this claim.

## CONCLUSION

For all these reasons, Defendants' Motion for Summary Judgment (Doc. No.38) is **GRANTED** as to the claims against the individual Defendants and **DENIED** as to the claims against FWE.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE