IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARTANION A. MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | Docket No.:3:14-CV-01776 |
| | ) | |
| v. | ) | |
| | ) | Judge Collier |
| FOOD WARMING EQUIPMENT, INC., | ) | |
| BRIAN GATES, JOE PILKINGTON, | ) | Magistrate Judge Newbern |
| DEREK CODDINGTON, AND PHILLIP | ) | |
| OHLSON. | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## MOTION IN LIMINE
### (RACIAL COMPOSITION OF FOOD WARMING EQUIPMENT, INC.)

Comes now Defendant Food Warming Equipment, Inc. ("FWE" or "Defendant"), by and through counsel, and moves this Court for an Order precluding Plaintiff from introducing evidence of the racial composition of the FWE workforce. This employment discrimination case involves claims of racial discrimination under the theory of disparate treatment, race-based harassment, constructive discharge, and retaliation, but does not involve any claims brought under the theory of disparate impact. Based on Plaintiff's response to Defendant's motion for summary judgment, Defendant anticipates that Plaintiff may seek to introduce evidence that he was one of few African-American employees at the time the allegations in the Complaint occurred. Because FWE's racial composition is not probative as to any of the elements of Plaintiff's disparate treatment race discrimination, race-based harassment, constructive discharge, or retaliation claims, any evidence of the racial composition of FWE's workforce is not relevant under the Federal Rules of Evidence and should be excluded pursuant to Rule 402.

Even assuming that the racial composition of FWE's workforce were relevant to Plaintiff's claims, any probative value of such statistical evidence could be outweighed substantially by the opportunity of unfair prejudice, confusion of the issues, or the misleading of the jury. Therefore, even if FWE's racial composition is deemed relevant to the Plaintiff's causes of action, such evidence should be excluded pursuant to Rule 403.

Defendant submits an accompanying Memorandum of Law in Support. Based upon its Motion and the Memorandum in Support, Defendant respectfully requests that this Court issue its order based on Rules 402 and 403 of the Federal Rules of Evidence, precluding Plaintiff from introducing evidence of the racial composition of FWE's workforce at trial.

Respectfully submitted,

BUTLER SNOW LLP

/s/ H. Rowan Leathers III
H. Rowan Leathers III (B.P.R. No. 10023)
Valerie Diden Moore (B.P.R. No. 31593)
The Pinnacle at Symphony Place
150 Third Avenue South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6700
Fax: (615) 651-6701

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion in Limine (Racial Composition of Food Warming Equipment, Inc.) was served upon the following counsel via the Court's ECF Filing System on the 22nd day of May, 2017.

Doug B. Janney III
Law Office of Douglas B. Janney III
2002 Richard Jones Road, Suite B-200
Nashville, TN  37215
doug@janneylaw.com

Cynthia A. Sherwood
Sherwood Boutique Litigation, PLC
201 Fourth Avenue North, Suite 1130
Nashville, TN 37219
cynthia@sherwoodlitigation.com

/s/ H. Rowan Leathers III
H. Rowan Leathers III

35504581v1