IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARTANION A. MCGEE, | ) | |
| | ) | No. 3:14-cv-1776 |
| Plaintiff, | ) | |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Newbern |
| | ) | |
| FOOD WARMING EQUIPMENT, INC., | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE TO PRECLUDE LEADING QUESTIONS
BY DEFENDANT OF ITS WITNESSES CALLED BY PLAINTIFF
AND TO PERMIT PLAINTIFF TO LEAD DEFENDANT'S WITNESSES**

Plaintiff Dartanion McGee respectfully moves the Court for an order prohibiting counsel for Defendant Food Warming Equipment, Inc. ("Defendant") from using leading questions when examining Defendant's own representatives, agents and employees who are called to testify by Mr. McGee, including Defendant's Rule 30(b)(6) corporate representative, former individual defendant and current Human Resources Director, Brian Gates; former individual defendants and current managerial agents of Defendant Derek Coddington, Joe Pilkington, and Phillip Ohlson; current Human Resources representative Annette Kirby; current managerial agents Arturo Perez, Sal Gomez, Jr., and Robert Mike Wells; and other individuals closely identified with or employed by Defendant. Additionally, Mr. McGee requests that the Court permit him to lead Defendant's agents and employees who are adverse to his position in this case, including Messrs. Gates, Coddington, Pilkington, Ohlson, Perez, Gomez, and Wells, Ms. Kirby, and other individuals closely identified with or employed by Defendant.

Rule 611 of the Federal Rules of Evidence provides in part that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as

to: (1) make those procedures effective for determining the truth . . . ." Fed. R. Evid. 611(a). Rule 611(c) states in part, "Ordinarily,' the court should allow leading questions: (1) on cross-examination; and (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c).

The Advisory Committee's "Note to Subdivision (c)" of the rule, however, demonstrates that the Court may prohibit the use of leading questions on cross-examination when the cross-examination is "in form only." The note states, "The purpose of the qualification 'ordinarily' is to furnish a basis for denying the use of leading questions when the cross-examination is cross-examination in form only and not in fact, as for example the 'cross-examination' of a party by his own counsel after being called by the opponent . . . ." Fed. R. Evid. 611(c), Adv. Comm. Note.

Mr. McGee will call some of Defendant's representatives and witnesses closely identified with Defendant as witnesses in his case, including Messrs. Gates, Coddington, Pilkington, Ohlson, Perez, Gomez, and Wells and Ms. Kirby. These witnesses are "hostile" or adverse to Mr. McGee's position, are "an adverse party," and are "identified with an adverse party." Therefore, Defendant's counsel should not be permitted to use leading questions in "cross" examining these witnesses called by Mr. McGee because of the likelihood of the witnesses to yield to suggestions in leading questions. *See McCormick on Evidence*, Vol. 1 at § 20 n. 2, §25 n. 9 (5th ed. 1999). These witnesses are representatives of Defendant for purposes of this case, are adverse to Mr. McGee's position, are closely identified with Defendant, and share the same interests as Defendant. Accordingly, any cross-examination of them by Defendant's counsel would be "in form only" and should be prohibited.

Given the importance of credibility in this case, the most effective method for "determining the truth" as stated in Rule 611(a) is to require Defendant's counsel to use non-leading questions

2

when cross-examining Defendant's own witnesses who are "hostile" or adverse to Mr. McGee's position and who are called by Mr. McGee to testify. The jury should hear and evaluate the testimony of these witnesses without their being led through that testimony and having answers to questions suggested to them by defense counsel through leading questions. Further, Mr. McGee should be permitted to lead these witnesses when he calls them in his case-in-chief because they are "hostile witness[es], an adverse party, [and] witness[es] identified with an adverse party." Fed. R. Evid. 611(c).

For these reasons, Mr. McGee requests that the Court order Defendant not to use leading questions when cross-examining its own agents and employees who are called to testify by Mr. McGee, including Messrs. Gates, Coddington, Pilkington, Ohlson, Perez, Gomez, and Wells, Ms. Kirby, and other individuals closely identified with or employed by Defendant, as such "cross" examination would be "in form only." Additionally, Mr. McGee requests that the Court permit him to lead Defendant's agents and employees, including these witnesses, who are "hostile" to his position and are an "adverse party" to him when he calls them to testify.

3

Respectfully submitted,

s/Cynthia A. Sherwood
Cynthia A. Sherwood (BPR No. 20911)
Sherwood Boutique Litigation, PLC
201 Fourth Avenue, North, Suite 1130
Nashville, Tennessee  37219
(615) 873-5670


s/Douglas B. Janney III
Douglas B. Janney III (BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I electronically filed and served this Motion in Limine using the Court's CM/ECF system upon H. Rowan Leathers III, Butler Snow LLP, 150 Third Avenue, South, Suite 1600, Nashville, Tennessee 37201 on May 22, 2016.

s/Douglas B. Janney III
Douglas B. Janney III