UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARTANION A. MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:14-cv-01776 |
| | ) | |
| vs. | ) | Judge Collier |
| | ) | JURY DEMAND |
| FOOD WARMING EQUIPMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION IN LIMINE TO EXCLUDE EVIDENCE AND FOR SANCTIONS

Plaintiff Dartanion McGee has moved the Court for an Order granting certain sanctions for spoliation of evidence against Defendant Food Warming Equipment, Inc. ("FWE" or "Defendant") pursuant to this Court's inherent authority and Rules 26, 33, 34 and 37 of the Federal Rules of Civil Procedure. Among other things, the Court should grant a non-rebuttable adverse inference against FWE and exclude evidence related to the contents of certain typewritten statements and handwritten notes that Defendant's Human Resources Director, Brian Gates, and/or his assistant, Annette Kirby, made in connection with Defendant's alleged investigation of Plaintiff Dartanion McGee's EEOC Charge of Discrimination because Defendant admittedly and intentionally destroyed all of the contemporaneous handwritten notes upon which subsequently created typewritten witness "statements" were allegedly based.

Sometime after he and/or Ms. Kirby took the handwritten notes, Mr. Gates used the notes to type alleged witness statements. Defendant then intentionally "threw away" all of the contemporaneous handwritten notes despite knowing that the EEOC was actively investigating pending charges of racial discrimination and harassment filed against it by Mr. McGee and another African-American employee, Kaleb McClellan.

Thus, in addition to instructing the jury as to a non-rebuttable adverse inference against FWE as a result of its destruction of the handwritten notes, this Court should prohibit FWE from introducing any of the typewritten statements and evidence related thereto into evidence because they are not the best evidence, they are at least partially inaccurate, and they are unreliable and prejudicial and as a sanction for deliberate destruction of the original notes (statements). Likewise, this Court should grant a non-rebuttable adverse inference against FWE as to the contents of emails that FWE either deliberately destroyed or deliberately failed to produce in discovery. Instead of producing complete electronic records, FWE produced only a few self-serving emails. Finally, Mr. McGee also requests that the selectively produced self-serving emails be excluded.

**Factual Background**

Defendant constructively discharged Mr. McGee on March 4, 2014. Prior to his termination, Mr. McGee filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on February 14, 2014 (*See* Exhibit A). FWE claims to have received notice of the EEOC charge on or about February 18, 2014. *See* Gates Depo. at 201:18-21[1]. Defendant filed its Responses to the charge on March 28, 2014. On August 28, 2014, Mr. McGee filed this action (Doc. No. 1). Discovery ensued, and Defendant provided its initial Rule 26(a)(1)(A) disclosures, which are still incomplete.

Multiple witnesses testified at their depositions that Brian Gates and his assistant, Annette Kirby, took handwritten notes during many of the employee interviews concerning Mr. McGee's claims of racial discrimination and harassment. *See* Kirby

---

[1] Deposition excerpts are attached hereto as Collective Exhibit B.

Depo. 33:1-35:12; Pilkington Depo. at 89:23-91:19; McClellan Depo. at 77:12-78:18. Mr. Gates admitted that, during the interviews, he wrote out some of the witnesses' statements by hand in a notebook (although he cannot say how many) and later typed them. *See* Gates Depo. at 232:16-233:7. Furthermore, employees, including Mr. Pilkington and Mr. McClellan testified that the typewritten versions of their statements are incorrect and/or incomplete. *See* Pilkington Depo. at 88:3-9; McClellan Depo. at 75:20-76:11. FWE, however, has produced none of the handwritten notes it took, despite Mr. McGee's repeated requests for it do so. Instead, FWE produced only typed versions of its witness statements, which were prepared by Mr. Gates. Defendant asserts that it "threw away" Mr. Gates' notes. Ms. Kirby likewise admitted that she most likely threw away the notes she made during the witness interviews, as well. *See* Kirby Depo. at 33:1-35:12.

Additionally, Mr. McGee requested in discovery all documents related to the facts, claims and defenses in this case, including all electronically created and stored records and email communications. *See, e.g.*, Doc. No. 46-2, Doc. Request Nos. 89-90, Page ID # 1337. It is obvious from the emails that were produced that there are others that have not been produced. Additionally, Mr. Gates's deposition testimony seems to indicate that there was no litigation hold and no custodian put in charge of the electronic discovery. Instead, Mr. Gates testified that he turned in what he found and then asked others to send him any relevant emails they had. *See* Gates Depo. at 37:5-13; 219:25-220:13. Such a procedure is willfully and woefully inadequate for the preservation of relevant and discoverable electronic records. FWE has been represented by counsel since the filing of Mr. McGee's EEOC charge and a document retention/litigation hold and

3

electronic evidence preservation and discovery procedure should have been put in place immediately.

I.  **SANCTIONS FOR DEFENDANT'S DESTRUCTION OF AND FAILURE TO PRESERVE RELEVANT EVIDENCE**

A district court may sanction a litigant for spoliation of evidence if three conditions are met. First, the party with control over the evidence must have had an obligation to preserve it at the time it was destroyed. Second, the accused party must have destroyed the evidence with a culpable state of mind. And third, the destroyed evidence must be relevant to the other side's claim or defense (defining "relevant" as "such that a reasonable trier of fact could find that it would support that claim or defense"). *Byrd v. Alpha Alliance Ins. Corp.*, 518 Fed. Appx. 380, 383-384 (6th Cir. 2013)[2]; *Beaven v. United States DOJ*, 622 F.3d 540, 553 (6th Cir. 2010). The failure to preserve electronic or other records, once the duty to do so has been triggered, raises the issue of spoliation of evidence and its consequences. *Goodman v. Praxair Servs.*, 632 F. Supp. 2d 494, 505 (D. Md. 2009).

A.  **The Defendant had an obligation to preserve the evidence at the time it was destroyed**

FWE had a duty to preserve the contemporaneous handwritten notes of witness interviews that Brian Gates and Annette Kirby created and then threw away. An obligation to preserve may arise when a party should have known the evidence may be relevant to future litigation. *Byrd* at 383-384 (6th Cir. 2013). A corporation, upon recognizing the threat of litigation, must preserve any information, documents, or tangible things made by or prepared for individuals "relevant to the subject matter

---

[2] All unreported cases are attached here to as Collective Exhibit C.

involved in the action." *In re Nat'l Century Fin. Enters.*, No. 2:03-md-1565, 2009 WL 2169174, *11 (S.D. Ohio July 16, 2009). "Thus, the duty to preserve extends to those employees likely to have relevant information, *i.e.* the 'key players' in the litigation." *Id.*

In a case brought under Title VII, the duty to preserve evidence arises on the date a party received an EEOC charge. *EEOC v. New Breed Logistics*, No. 10-2696 STA/TMP, 2012 WL 4361449, *6 (W.D. Tenn. Sept. 25, 2012) (citing *See Curcio v. Roosevelt Union Free School Dist.,* No. 10–5612(SJF)(AKT), 2012 WL 3236645, at *6 (E.D.N.Y. Aug. 10, 2012) (concluding that the defendant's duty to preserve arose no later than the time that it received the plaintiff's EEOC charge); *Adorno v. Port Auth.,* 258 F.R.D. 217, 228 (S.D.N.Y.2009) ("With the filing of EEOC Charge, Defendant had reason to anticipate litigation and was under an obligation to put in place litigation hold extending to email as well as paper documents relevant to the charge."); *Zubalake v. UBS Warburg LLC,* 220 F.R.D. 212, 216 (S.D.N.Y.2003) (duty to preserve arose when plaintiff filed her EEOC charge).

The preservation duty is an affirmative duty and requires active involvement of parties. Nonfeasance does not satisfy preservation obligations. A party must not only suspend routine document destruction policies and put in place a hold, but corporate officers with notice of discovery obligations must "communicate those obligations to employees in possession of discoverable materials." *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 557–58 (N.D. Cal. 1987).

In this case, FWE learned of Mr. McGee's EEOC charge on or about February 18, 2014, thus establishing a duty to preserve all documents related to Mr. McGee and his claim of racial discrimination. Instead, FWE employees intentionally *destroyed* the notes

of actual witness statements taken from FWE employees and handwritten by Mr. Gates and Ms. Kirby. Moreover, with respect to the electronic records (specifically emails) other than a few self-serving ones, none were produced. Mr. Gates testified that he simply asked managers for relevant emails, but did not testify as to any litigation hold put in place or any procedure for preserving and collecting discoverable electronic or hardcopy documents in this case.

### B. The Defendant had a culpable state of mind in destroying the evidence

To meet the second element, a culpable state of mind, a party must show the opponent destroyed evidence either knowingly, even without intent to breach a duty to preserve it, or negligently. *Byrd* at 384, *Beaven, 622 F.3d* at 554, *Cawley v. Eastman Outdoors*, Inc., No. 1:14-cv-00310, 2015 WL 196052, *8 (N.D. Ohio Jan. 14, 2015).

There can be no question that FWE knew the contemporaneous handwritten notes of the witnesses' statements in this case were the best evidence and highly relevant. Instead of preserving and producing those notes, FWE intentionally destroyed them. With respect to the electronic records, Mr. McGee knows that no such records (other than the few selectively maintained, self-serving ones) were produced to him. Additionally, multiple FWE managers and employees testified at their depositions that various emails were exchanged related to Mr. McGee's racial discrimination and harassment claims and/or FWE's investigation of them. FWE has never produced those emails. It is beyond question that FWE never implemented any proper electronic document collection, retention and preservation process with respect to this matter. *See* Gates Depo. at 37:5-13; 219:25-220:13. By way of example, below are some emails or electronic documents known to have existed, but which FWE did not produce:

- Mr. Gates testified that he first received Mr. McGee's resume from William Jones with the Tennessee Department of Employment and then later Mr. McGee directly emailed Mr. Gates's his resume. *See* Gates Depo. at 44:8-12. Neither of those emails have been produced.

- Mr. Gates testified that he forwarded Mr. McGee's resume to another FWE employee, Mr. Benson, when Mr. McGee was seeking advancement. *See* Gates Depo. at 173:3-19.

- Mr. Gates testified that he retained in his email inbox a copy of Mr. McGee's voicemails concerning his constructive discharge. *See* Gates at 219:8-17. Those voicemails were produced some three years later, on May 12, 2017, but the actual emails are not included – only the voice recordings.

- Mr. Gates solicited various statements from FWE employees about Mr. McGee, some of which were forwarded to Mr. Gates via email. *See e.g.*, Gates Depo. at 225:18-23. Upon information and belief, Mr. Gates likely sent an email to employees requesting such statements; however, no such emails were ever produced.

- Derrick Coddington, a current manager at FWE, testified that if he had sent Mr. Gates any statement about Mr. McGee he would have done so through email. *See* Coddington Depo. at 80:11-19.

- Annette Kirby testified that whenever Mr. McGee's ADP password was reset, emails would be sent. *See* Kirby Depo. at 17:1-7. No such emails were ever produced, although one of Mr. McGee's claims involves being locked out to the ADP system and his password not being reset in retaliation for his having filed an EEOC Charge of Discrimination. Mr. Gates has also claimed that the password was reset, yet no such emails demonstrating as much were ever produced.

- Ms. Kirby testified that she sent Mr. Gates an email about a conversation she had with Mr. McGee (which was produced) because Gates asked her to do so, but also because FWE documents every conversation with an employee who comes into the office. *See* Kirby Depo. at 29:21-30:4. Ms. Kirby then testified that she did not know if any such documentation existed as to Kaleb McClellan, although he made multiple complaints of racial discrimination and harassment. *See* Kirby Depo. at 38:1-17; McClellan Depo. at 44:2-20. No such documents were ever produced.

7

### C. Plaintiff has made the requisite showing of relevance

The third condition for finding spoliation requires a showing that the evidence would have been relevant to the contested issues such that a reasonable trier of fact *could* find that it would support the plaintiff's claims. *Beaven* 622 F.3d at 553 (internal quotation marks and citations omitted). "[T]he culpable state of mind factor is satisfied by a showing that the evidence was destroyed knowingly, even if without intent to [breach a duty to preserve it], or *negligently.*" *Id*. at 554 (internal quotation marks and citations omitted).

The district court can consider circumstantial evidence in analyzing the import or specifics of the destroyed evidence. *Id.* at 555; *Byrd*, 515 Fed. Appx. at 385.

#### 1. The standard of proof to show relevance

Courts must not hold the prejudiced party to too strict a standard of proof regarding the likely contents of destroyed evidence, because doing so would subvert the purposes of the adverse inference, and would allow parties who have destroyed evidence to profit from their destruction:

> The more culpable the state of mind, the easier it is for the party seeking a spoliation adverse inference instruction to demonstrate the third element-relevance. As the Second Circuit noted in *Residential Funding,* 306 F.3d at 109:
>
> 'Courts must take care not to 'hold[ ] the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed evidence,' because doing so 'would subvert the ... purposes of the adverse inference, and would allow parties who have ... destroyed evidence to profit from that destruction.' " (Internal citations omitted).
>
> Moreover, "[w]hen evidence is destroyed in bad faith (i.e. intentionally or willfully), that fact alone is sufficient to demonstrate relevance.

*Flagg v. City of Detroit*, No. 05-74253, 2011 WL 4634249, at *17 (E.D. Mich. Aug. 3,

8
Case 3:14-cv-01776   Document 78   Filed 05/22/17   Page 8 of 14 PageID #: 1825

2011), *report and recommendation adopted*, No. 05-74253, 2011 WL 4634245 (E.D. Mich. Oct. 5, 2011), aff'd, 715 F.3d 165 (6th Cir. 2013).

When uncertainty exists, the party who failed to preserve the evidence must bear the risk of the uncertainty. *Barrette Outdoor Living, Inc. v. Mich. Resin Representatives, LLC*, No. 2:11-cv-13335, 2013 WL 3982330, *16 (E.D. Mich. Aug. 1, 2013).

Likewise, without the emails that have not been produced in this action, Mr. McGee cannot say with certainty what was in them. It is clear from the emails that were produced, however, that there were more emails that would contain evidence relevant to Mr. McGee's claims. The relevancy and discoverability of Mr. Gates's and Ms. Kirby's contemporaneously created, handwritten notes of statements made by the witnesses that they interviewed in connection with Mr. McGee's complaints of racial discrimination and harassment promptly after their receipt of his EEOC charge is beyond question. The willful destruction of those notes despite the pending administrative charge and known threat of litigation constitutes spoliation of evidence for which FWE should be sanctioned.

> 2. **The failure to preserve the evidence was made in good faith, and as a result, relevance has been shown**

The evidence shows that FWE's failure to preserve the contemporaneous handwritten note it made and emails it exchanged related to the facts and claims in this case was in bad faith. Indeed, FWE deliberately "threw away" the notes and has refused to produce any additional emails despite the evidence that it exchanged them. As the failure to preserve was in bad faith, relevance is demonstrated. *See Beaven*, 622 F.3d at 555 ("evidence of bad faith or gross negligence that satisfies the culpable-state-of mind requirement is also usually sufficient to satisfy the relevance requirement"). Mr. McGee

has shown that a reasonable trier of fact could find that the missing evidence is relevant and would support his claims.

> **D.     Sanctions against Defendant are appropriate given the culpable knowledge of Defendant and the actual prejudice incurred by the Plaintiff**

With Mr. McGee having met the three conditions required for sanctions for spoliation of evidence, the court must determine what sanctions are appropriate. "A district court may exercise its inherent power to control litigation where necessary to redress conduct which abuses the judicial process, such as spoliation of evidence." *Lexington Ins. Co. v. Tubbs*, No. 06-2847-STA, 2009 WL 1586862, *3, (W.D. Tenn. June 3, 2009) (internal quotation and citations omitted). In exercising that power, district courts have broad discretion to craft proper sanctions for the spoliation of evidence. *Id.*; *see also* Adkins *v. Wolever*, 692 F.3d 499, 503, (6th Cir. 2012). A proper spoliation sanction should serve both the function of fairness in leveling the evidentiary playing field and a punitive function in sanctioning the improper conduct. *Adkins*, 554 F.3d at 652. Because the spoliator's culpability can fall on a continuum of fault ranging from innocence through negligence and to intentionality, the severity of a sanction may correspond to a party's fault. *Id*. at 652-53. When there is a greater degree of a party's culpability in spoliating the evidence, there is a need for a more severe sanction. *See id*.

While there is a broad range of sanctions options for courts to impose, some of the possible sanctions include, but are not limited to, entering judgment by default against the wrongdoer, dismissal of the case, granting of summary judgment, and instructing a jury that it may make an adverse inference against the spoliating party based on its spoliation of the evidence. *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th

10
Case 3:14-cv-01776   Document 78   Filed 05/22/17   Page 10 of 14 PageID #: 1827

Cir. 1988) (listing factors assessed in determining whether to enter judgment by default); *Beaven*, 622 F.3d at 554; *Jackson v. Nissan Motor Corp.*, 121 F.R.D. 311, 319 (M.D. Tenn. 1988) (dismissal of claim or defense warranted where "flagrant bad faith."); *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552 (1994) (same); *Malautea v. Suzuki Motor Co., LTD*, 987 F.2d 1536, 1546-47 (11th Cir. 1993) (affirming severe sanctions for discovery abuse). "Other possible sanctions can include monetary sanctions and precluding the spoliation party from introducing evidence on the subject matter of the spoliated evidence." *In re Global Technovations, Inc.*, 431 B.R. 739, 778-779 (E.D. Mich. 2010).

The determination as to [w]hether an adverse inference should be permissive or mandatory must be made on a case-by-case basis, corresponding in part to the sanctioned party's degree of fault." *In re Black Diamond Mining Co., LLC v. Genser*, 514 B.R. 230, 242 (E.D. Ky. 2014). "A non-rebuttable, mandatory adverse inference jury instruction is considered proper if the Court finds that a party's destruction of evidence was intentional." *Id*.

Given FWE's culpability and the severe prejudice to Mr. McGee in the absence of the spoliated evidence, Mr. McGee requests the following specific and proportional sanctions:

> 1) The Court exclude and prohibit FWE from introducing any of the typewritten statements or selectively produced emails for the truth of the matter asserted, as this would level the evidentiary playing field between it and Mr. McGee.

2) A non-rebuttable adverse inference instruction to the jury regarding Defendant's spoliation of relevant evidence – both as to the contemporaneous handwritten notes of witness statements and the missing emails.

3) Preclude Defendant from offering any evidence in support of any alleged "after-acquired" evidence defense based upon its failure to produce all notes of witness statements and emails related to its allegations. See *Spencer v. Marygrove College*, 2008 WL 4056319, at *12 (E.D. Mich. Aug. 26, 2008) (after-acquired evidence defense disallowed under Rule 37(c)(1)).

4) Defendants reimburse Plaintiff for his reasonable attorneys' fees and expenses related to his repeatedly requesting the spoliated evidence from FWE and to the preparation of this motion.

5) Any other sanction the Court deems appropriate.

Each of these requested sanctions serves to promote fairness and efficiency in the litigation process and in the administration of justice, levels the evidentiary playing field, and serves a punitive and deterrent function in sanctioning FWE for the improper conduct set forth above.

## **CONCLUSION**

For the foregoing reasons, Mr. McGee respectfully requests that this Honorable Court grant this motion and impose the requested sanctions and/or such other appropriate relief as the Court may deem appropriate against Defendant FWE.

Respectfully Submitted,

**Sherwood Boutique Litigation, PLC**

/s/: Cynthia A. Sherwood
Cynthia A. Sherwood #20911
201 Fourth Avenue N., Suite 1130
Nashville, TN  37219
T: 615-873-5670
F: 615-873-5671
cynthia@sherwoodlitigation.com
*Counsel for Plaintiff Dartanion A. McGee*

**Law Office of Douglas B. Janney, III**

By:/s/ Douglas B. Janney, III
Douglas B. Janney, III
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
(615) 742-5900
(615) 742-5958 (fax)
*Counsel for Plaintiff Dartanion A. McGee*

## RULE 37 CERTIFICATE

I hereby certify that undersigned counsel has conferred, in good faith, with H. Rowan Leathers, III, counsel for Defendant, in an attempt to resolve the above discovery issues without court action, but, to date, has been unable to do so.

**Sherwood Boutique Litigation, PLC**

/s/: Cynthia A. Sherwood
Cynthia A. Sherwood #20911
201 Fourth Avenue N., Suite 1130
Nashville, TN 37219
T: 615-873-5670
F: 615-873-5671
cynthia@sherwoodlitigation.com
*Counsel for Plaintiff Dartanion A. McGee*

**Law Office of Douglas B. Janney, III**

By:/s/ Douglas B. Janney, III
Douglas B. Janney, III
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
(615) 742-5900
(615) 742-5958 (fax)
*Counsel for Plaintiff Dartanion A. McGee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court's electronic filing system and thereby sent via email to the following, this the 22nd day of May, 2017:

H. Rowan Leathers, III
Valerie Leigh Diden Moore
Butler Snow, LLP
150 Third Avenue South, Suite 1600
Nashville, TN 37201
Rowan.leathers@butlersnow.com
Valeria.gomez@butlersnow.com

/s/ Cynthia A. Sherwood